(114 App. Div. 764)

### TANNHAUSER v. WILLIAM E. UPTEGROVE & BRO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. APPEAL—PRESUMPTIONS—NONSUIT.

On appeal from a judgment dismissing the complaint at the close of plaintiff's case, every reasonable inference is to be taken in favor of plaintiff.

2. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION FOR JURY.

In an action for injuries to the operator of a ripsaw, it was a question for the jury whether it was negligence for him to continue to work for two days after he became apprehensive that his fingers might get caught in a hole worn by the saw in the saw table, he having continued to work in reliance upon a promise of the master's superintendent to repair "pretty soon."

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1096, 1097.]

3. SAME.

A circular saw came through a slit in the top of a table, and revolved towards the hands of the operator, and the saw had worn away the slit to such an extent that the operator became apprehensive that his fingers might get caught in serving boards to the saw. On calling the superintendent's attention to the condition of the table, he admitted that it required repairs, and promised that they would be made soon. *Held* that, in an action for injuries to the operator owing to his fingers having been caught, it was error to grant a nonsuit on the ground that there was nothing to show that any one would apprehend danger from the condition of the machine.

Appeal from Trial Term, Kings County.

Action by William Tannhauser against William E. Uptegrove and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward W. S. Johnston (Maurice B. Blumenthal, on the brief), for appellant.

Frank Verner Johnson, for respondent.

HIRSCHBERG, P. J.   This action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendant.   The plaintiff was working at the time of his injury on a rip-saw machine, a circular saw which came up through a slit in the top of a flat table, and revolved towards the plaintiff's hands.   He was serving it with thin boards, and claims that his injury was received by reason of the fact that the saw had worn away the slit to such an extent as to render the operation of the machine dangerous.   As he was nonsuited, every reasonable inference is to be taken in his favor, and, as no evidence was offered by or on behalf of the defendant, the facts as established by the plaintiff's evidence were uncontradicted.   It was clearly proved that a couple of days before the day of his injury he became apprehensive that his fingers might get caught in the hole, which had been worn away by the operation of the saw and the attrition of the sawdust, and that an accident might result; that the attention of the defendant's superintendent was called to the condition of the table; that the superintendent admitted that it required to be fixed, promised to have it fixed pretty soon, and instructed the plaintiff to continue work in the meantime.   The plaintiff did continue work pursuant to such instruction and promise, and by the accident lost the fingers of the left hand.

I do not see how the nonsuit can be upheld.   In Citrone v. O'Rourke Engineering Constr. Co., 99 N. Y. S. 241, this court recently held that where, on the complaint of a servant as to the safety of the place where he was at work, the master told him to go to work, and that after a certain time it would be repaired, the master assumed the risk of injury from the time of the promise until the expiration of the time specified. Following that decision, it would be in this case at least a question for the jury whether it was negligence on the part of the plaintiff to continue work for a period of two days in reliance upon a promise to repair "pretty soon."   The nonsuit in this case, however, was distinctly based upon a ground which is clearly untenable.   In disposing of the defendant's motion to dismiss the complaint, the learned trial justice said:   "There is nothing in the case to show that any one would apprehend danger from that machine in the condition in which it was in.   I must grant this motion."   It certainly cannot be logically contended that a situation which, without dispute, did occasion fear of danger on the part of the plaintiff, which fear was admitted by the defendant's superintendent to be well grounded, and which admission was coupled with a promise to speedily remove the danger, is a situation which would not occasion apprehension in any one.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.